# Manus Bonner *v.* Pittsburgh Bridge Company, Appellant.

Petition of defendant for appeal from judgment of Superior Court, April T., 1897, No. 168, affirming judgment of C. P. No. 2, Allegheny Co., Oct. T., 1895, No. 732, on verdict for plaintiff. Before WILLIAMS, J., at chambers.*

This case is reported in 5 Pa. Superior Ct. 281.

The petition for appeal to the Supreme Court averred inter alia that the alleged negligence complained of consisted solely in not providing a small latch or catch on the crane at which the plaintiff was working when injured, which latch or catch,

---

*See Bonner v. Pittsburg Bridge Co., post, 278.

it was contended by plaintiff, by locking the shaft would have prevented the accident; that an examination of the evidence will disclose the fact that the accident was due to the carelessness of fellow workmen, in permitting a heavy girder which they were moving to swing in against the handle of the crane at which the plaintiff was stationed, thus changing the power from slow gear to fast gear, throwing the crane beyond the power of plaintiff to control its movements, and thus causing the injury; that notwithstanding that fact his Honor, Judge ORLADY, in rendering the decision of the Superior Court, evidently passed this phase of the case by, and based his decision solely on the theory that the defendant company had been negligent in not providing the crane in question with this safety device, and this in the face of the evidence, and all the evidence, that the accident was the immediate result of another cause.

. Your petitioner further avers that nowhere in the case is there a scintilla of evidence that any of the employees of the defendant complained of this particular machine until after the accident; and that the crane was in perfect order and condition at the time of the accident, and had been in use for a period of fifteen years. .

It is evident from the decision of the Superior Court, that his Honor, Judge ORLADY, considered the fact that the superintendent of the defendant company caused this latch or catch, (the absence of which was complained of by the plaintiff after the accident), to be placed on the crane after the injury, as evidence of negligence on the part of the defendant company, notwithstanding the fact that it has been repeatedly held that an extra precaution taken by the employer after the accident, is not per se evidence of negligence to be adduced from its not having been previously adopted.

W. P. Potter, with him Wm. A. Stone, for appellant.

·. John F. Miller, with him James F. Burke, for appellee.

July 31, 1897, upon examination of the petition and record, an appeal was allowed.